IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 14, 2019

## STATE OF TENNESSEE v. SHERMOND DEWAYNE DILLARD, JR.

**Appeal from the Criminal Court for Davidson County**
**No. 2017-A-572     Anita Blackshear Dalton, Judge**

_____

### No. M2018-02268-CCA-R3-CD

_____

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

I join the majority in affirming the defendant's conviction of aggravated robbery and ten-year sentence, but I write separately to dissent from the majority's conclusion that the trial court did not err by allowing testimony about the stolen rental car.

The majority concludes that the testimony was admissible "to provide a contextual background as to how the defendant was developed as a person of interest in the robbery of the victim." In reaching that conclusion, the majority relies on State v. Gilliland, 22 S.W.3d 266, 271 (Tenn. 2000), in which our supreme court stated that "evidence offered to show contextual background need not be excluded simply for the reason that it involves evidence of prior acts." However, our supreme court went on to explain that

> when the state seeks to offer evidence of other crimes, wrongs, or acts that is relevant only to provide a contextual background for the case, the state must establish, and the trial court must find, that (1) the absence of the evidence would create a chronological or conceptual void in the state's presentation of its case; (2) the void created by the absence of the evidence would likely result in significant jury confusion as to the material issues or evidence in the case; and (3) the probative value of the evidence is not outweighed by the danger of unfair prejudice.

Gilliland, 22 S.W.3d at 272.

In this case, the trial court held a pretrial hearing on the issue. During the hearing, the prosecutor argued that Mr. Battle should be allowed to testify about his rental car being stolen pursuant to Gilliland because "if the jury heard this testimony about a car

being used . . . they would be wondering whose car this is and how do we know this and how do we know that, you know, how did they get, how was this car used in the robbery and I think the jury needs to understand." The trial court ruled that the evidence was admissible and said that it would provide a limiting instruction. Neither the prosecutor nor the trial court, though, addressed the factors set forth in Gilliland. Likewise, the majority does not address those factors.

In my view, the jury's not learning the car was stolen a few hours before the victim's robbery would not have created a chronological or conceptual void in the State's case. I also do not think the jury needed to know the car was a stolen car to avoid jury confusion. Detective Wright could have testified that he impounded a car matching the description of the car used in the robbery, that he searched the car, and that he found the victim's wallet and the defendant's prescription. Finally, I think that the probative value of the evidence was outweighed by the danger of unfair prejudice. Although the defendant was not charged with any crime related to the theft of the car, the fact that the defendant was in a stolen car was prejudicial. Therefore, I would conclude that the evidence was not relevant to provide contextual background and that the trial court erred.

That said, as pointed out by the majority, this court presumes that a jury followed a trial court's instruction. Additionally, the evidence against the defendant was strong. Therefore, I would conclude that the trial court's error was harmless.

_____
NORMA MCGEE OGLE, JUDGE